## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph York

v.

Fairfax Hospital System, Inc.

June 4, 1992

Case No. (Law) 103610

BY JUDGE GERALD BRUCE LEE

This matter came before the Court on May 22, 1992, on Plaintiff York's discovery motion. The Plaintiff seeks discovery of a report prepared by Defendant Fairfax Hospital System, Inc., which report bears a heading of "Quality Care Control Report." The Defendant contends that this document is a privileged report of a medical quality assurance committee under Virginia Code §§ 8.01–581.16 and 8.01–581.17. Having heard arguments of counsel and having reviewed a copy of the Quality Care Control Report, which the Defendant delivered under seal to the Court, the Court finds that the report falls within the purview of the privilege of Code §§ 8.01–581.16 and 8.01–581.17.

Code §§ 8.01–581.16 and 8.01–581.17 provide that reports of certain medical staff committees are privileged documents and may not be obtained through discovery proceedings absent good cause arising from extraordinary circumstances. Va. Code Ann. §§ 8.01–581.16 and 8.01–581.17 (1984); *see, Riordan v. Fairfax Hospital*, Law No. 83762, Letter Opinion (Fairfax County Cir. Ct. July 15, 1988). The Court finds the Defendant's Quality Care Control Report to be a critical self-examination concerning precautions that the Defendant might undertake to improve quality assurance and finds that the Code protects such information from discovery. Additionally,

this Court has previously noted in *Estate of Jesse Curtis v. Fairfax Hospital Systems, Inc.*, a case cited by the Plaintiff, that the General Assembly sought to protect such peer review committee proceedings and internal investigations from public scrutiny. 21 Va. Cir. 275 (1990).

The Court finds that the Plaintiff has not demonstrated extraordinary circumstances sufficient to compel discovery of the Defendant's Quality Care Control Report. Moreover, the Defendant has identified to the Plaintiff those persons having personal knowledge of the relevant facts underlying the report in issue. Consequently, the Plaintiff is able to obtain the relevant underlying information through other means of discovery.